IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMARCO LADRELL MARQUIZ WOODARD**,

*Petitioner*,

*v.*

CAUSE NO. 3:23-CV-2992-CWR-RPM

**COMMISSIONER BURL CAIN,**

*Respondent*.

**ORDER**

This case presents multiple matters before the Court. The first matter is pursuant to the Report and Recommendation of the United States Magistrate Judge, which was entered on August 14, 2025. Docket No. 48. For the reasons discussed below, the Court adopts the Report and Recommendation. The other matters include motions filed by Petitioner Demarco Ladrell Marquiz Woodard after the Report and Recommendation was entered. These motions include: Petitioner's motion to compel, Docket No. 53, his motion for an extraordinary writ, Docket No. 58, and his motion for the issuance of a subpoena *duces tecum*, Docket No. 60. Because the Court adopts the Report and Recommendation, Petitioner's subsequent motions are denied as moot.

I.      **Background**

On October 6, 2023, Woodard filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner's challenges allege the following issues: (1) constitutional

---

[1] Since filing, Petitioner has amended his petition three times. *See* Docket Nos. 3, 7, and 10.

violations regarding the denial of parole, (2) an involuntary or unknowing guilty plea and illegal sentence, (3) an improper revocation of his pretrial bond, and (4) certain matters related to his pending charges of sexual battery and lustful touching.

On October 10, 2024, Respondent filed a motion to dismiss. Docket No. 27. Respondent addresses each of Petitioner's challenges. Specifically, Respondent argues (1) Petitioner's parole challenges are either moot, not cognizable in federal habeas proceedings, unexhausted, and/or meritless; (2) Petitioner's plea and sentence challenges are procedurally defaulted; (3) Petitioner's pretrial bond claims are either moot or not cognizable; and (4) that Petitioner's arguments related to his pending charges are improper in this habeas action. *Id.* at 14-37. Petitioner has filed several motions in response to Respondent's arguments. *See* Docket Nos. 28, 29, 31-34, 38, and 40-42. Importantly, Petitioner filed a motion to stay proceedings, seeking time to exhaust his unexhausted claims. Docket No. 33 at 3.

The Report and Recommendation of the Magistrate Judge recommends that Petitioner's motion to stay be denied, Respondent's motion to dismiss be granted, and Petitioner's Writ for Habeas Corpus be dismissed. Docket No. 48 at 3, 11. On September 2, 2025, Petitioner filed objections to the Magistrate Judge's recommendation. Docket No. 49. Petitioner objects to the Magistrate Judge's recommendation regarding certain portions of his parole claim, his plea and sentence challenge, and his pretrial bond revocation. *Id.* Importantly, Petitioner does not object to the recommendation to deny his motion to stay, that his parole claims are moot, and that his challenge to his pending charges are improper in this proceeding. The objections Petitioner did lodge are now before the Court.

## II.   Standard

The legal standards applicable to the present case are those which guide the Court with respect to (A) the Magistrate Judge's Report and Recommendation, and objections to findings therein; and (B) motions to dismiss. Those recommendations without objections are embraced by the standard governing the Report and Recommendation.

### A. Report and Recommendation

"Where a party objects to a magistrate judge's proposed findings and recommendations, the Court is required to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Shelby v. Cain*, No. 1:21-CV-406-HSO-RPM, 2023 WL 2563229, at *3 (S.D. Miss. Mar. 17, 2023) (quoting U.S.C. § 636(b)(1)). "Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record." *Gillett v. Hall*, No. 2:19-CV-44-TBM-MTP, 2022 WL 602192, at *3 (S.D. Miss. Feb. 28, 2022) (citation omitted). Frivolous, conclusive, or general objections need not be considered. *Id.* Nor must the Court weigh *de novo* those objections which "merely reurg[e] the allegations in the petition or attack[] the underlying conviction[.]" *Id.* (quoting *Johansson v. King*, No. 5:14-CV-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015).

A separate standard exists for those portions of the Report and Recommendation without objections. Such portions are merely "subject to a 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *Johnson v. Morris*, No. 3:18-CV-392-KHJ-FKB, 2021 WL 3173604, at *2 (S.D. Miss. July 27, 2021) (quoting *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). The Court considers the Report and Recommendation, and relevant objections therein, within this applicable standard.

### B.  Motion to Dismiss

The Magistrate Judge recommends granting Respondent's motion to dismiss this federal habeas petition. A respondent may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

As it relates to the requirement of true and sufficient factual matter, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). Similarly, the petitioner's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quotation marks and citation omitted). The Court must accept "all well-pled facts as true," but it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quotation omitted).

### III.    Discussion

Petitioner objects to the Magistrate Judge's recommendations that: (A) his parole claims are meritless and fail to state a cognizable federal habeas claim; (B) his challenge to his guilty plea and sentence are procedurally defaulted; and (C) his claim challenging the revocation of his trial bond is moot. The Court now considers these objections in the order listed above.

**A.  Denial of Parole**

The Magistrate Judge accurately notes that these claims are now moot because Petitioner was released and discharged from MDOC custody on probation. Docket No. 48 at 3 (citing *Carson v. Quarterman*, No. 3:08-CV-99, 2009 WL 1683401, at *3 (N.D. Tex. June 15, 2009) (holding that a habeas petition is moot when a petitioner is no longer incarcerated)). Petitioner maintains his argument that his requests for parole were improperly denied, alleging various constitutional violations.

1.  <u>Due Process</u>

Miss. Code Ann. § 47-7-18(1) offers criteria that instruct when an eligible inmate may be released from parole without a hearing before the board. Petitioner cites this Mississippi parole statute to argue he possessed a constitutionally protected liberty interest in parole, and that denial of parole was a violation of that interest. He is mistaken.

"[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) (cleaned up). Parole is discretionary in Mississippi, and prisoners have no liberty interest in parole. *Id.*; *see also Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984) (holding that Mississippi statutes do "not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach."). Therefore, "Woodard cannot maintain a federal habeas petition on the grounds that he was deprived of procedural due process as it relates to the denial of parole." Report and Recommendation, Docket No. 48 at 4 (citation omitted).

2. <u>Equal Protection</u>

Petitioner alleges that his parole denial was a violation of his right to equal protection. But "[t]o state a claim for an equal protection violation, the 'plaintiff must either allege that (a) a state actor intentionally discriminated against him because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* at 5 (cleaned up) (quoting *Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012)). Petitioner offers nothing more than his denial of parole to explain how he was intentionally discriminated against, nor does he identify whether he was treated differently from others similarly situated. *See* Petitioner's Response, Docket No. 40. Thus, the Magistrate Judge accurately determined Petitioner's equal protection claim to be conclusory and meritless.

3. <u>Other Alleged Violations</u>

Petitioner also asserts that it was improper for members of the parole board to consider his prior felony convictions, juvenile record, and pending charges when denying his parole. However, the Court reaffirms that parole is discretionary in Mississippi. *Wansley*, 769 F.3d at 312. "That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 11 (1979) (emphasis in original and citation omitted).

As such, each of Petitioner's objections related to the denial of his parole are overruled. Because Petitioner is no longer in MDOC custody, his parole claims are moot. *See Carson*, 2009 WL 1683401, at *3.

6

### B. Guilty Plea and Sentence

Regarding Petitioner's guilty plea and sentence for possession of a firearm by a felon, Petitioner claims ineffective assistance of counsel and that his plea was involuntary or unknowing. Petitioner objects to the recommendation that his guilty plea and sentence challenge be denied as procedurally defaulted for failure to exhaust his claims.[2] Specifically, the Magistrate Judge found Petitioner failed to appeal the trial court's order denying his motion for post-conviction relief, and that an appeal at this point would be procedurally barred as untimely. Docket No. 48 at 6-7.

"If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)). "Procedural default of a federal claim in state court bars federal habeas review of that claim unless the petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice." *Id.* (quoting *Muray v. Carrier*, 477 U.S. 478, 485 (1986)). "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (alteration in original)).

---

[2] The Magistrate Judge found that Petitioner has not exhausted his remedies in state court, as required under 28 U.S.C. § 2254(b). Docket No. 48 at 7.

"Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Id.* (quoting *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997)). "To demonstrate actual prejudice, the petitioner must show 'not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *Smith v. Quarterman,* 515 F.3d 392, 403 (5th Cir. 2008)). To demonstrate a fundamental miscarriage of justice, a petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Id.* (cleaned up).

Petitioner has not met this high burden. He claims to have never received the trial court's order denying his motion for post-conviction relief, and that this precluded his ability to timely appeal. Docket No. 49 at 2-3. However, in an Amended Petition that was filed in May 2024, Petitioner acknowledges that his motion was denied the month before. Amended Petition, Docket No. 10 at 5. Petitioner also alleges that certain mail logs would demonstrate that the trial court did not mail the order to him but makes no such logs available to the Court. As such, Petitioner has not met the requisite burden to establish cause and prejudice, and this objection is overruled. Petitioner's guilty plea and sentence challenge is dismissed with prejudice as procedurally defaulted.

### C. Revocation of Pretrial Bond

Petitioner challenges the revocation of his pretrial bond, which he contends was due to his arrest for statutory rape. The Magistrate Judge accurately notes that this challenge is moot because Petitioner is no longer in MDOC custody due to the expiration of his sentence. Thus, this objection is also overruled, and this challenge is also dismissed.

### D. Portions Without Objections

For the avoidance of doubt, those portions of the Report and Recommendation without objection are adopted by this Court.

### E. Subsequent Motions

In its *de novo* review of the record, this Court finds no error in the Magistrate Judge's Report and Recommendation. Therefore, Respondent's motion to dismiss, Docket No. 27, is granted. Because this motion is dispositive, all subsequent motions are hereby denied as moot.

### IV.   Conclusion

For these reasons, Petitioner's objections are overruled. Motions filed after the Report and Recommendation are moot. The Report and Recommendation is adopted. Respondent's motion to dismiss is granted. A separate final judgment shall issue.

**SO ORDERED**, this the 30th day of March, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE